NAME AND ADDRESS OF ATTORNEY

Julianne Fleischer (SBN 337006)
jfleischer@faith-freedom.com
Advocates for Faith & Freedom
25026 Las Brisas Road

PHONE: (951) 600-2733

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

TRIAL JUDGE  Hon. Thomas J. Whelan            COURT REPORTER

DENNIS HODGES                                  )
                                               )
                                               )  CIVIL NO. 23-cv-2065 W (MSB)
(Appellant/Appellee)      Plaintiff            )
                                               )
              vs                               )
                                               )
TODD GLORIA, both in his personal capacity     )  NOTICE OF APPEAL    (Civil)
and in his official capacity as the Mayor of the )
City of San Diego                              )
(Appellant/Appellee)      Defendant

Notice is hereby given that  Dennis Hodges

☒  Plaintiff  _____  Defendant above named, hereby appeals to the United States Court

of Appeals for the:    (check appropriate box)

☒  Ninth Circuit                               ____  Federal Circuit

from the:              (check appropriate box)

____  Final Judgment                           ☒  Order (describe)  Mtn Reconsideration

entered in this proceeding on the  22  day of  October  20 24 .
Transcripts required              Yes    ☒  No.
Date civil complaint filed:          12/28/23

                                               *Julianne Fleischer*

Date: 11/21/24                                 _____
                                               Signature

::ODMA\PCDOCS\WORDPERFECT\17861\1 May 5, 1999 (10:03am)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS HODGES,<br><br>  Plaintiffs,<br><br>v.<br><br>TODD GLORIA, both in his personal capacity and in his official capacity as the Mayor of the City of San Diego,<br><br>  Defendant. | Case No.: 23-cv-2065 W (MSB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [DOC. 15]** |

Pending before the Court is Plaintiff Dennis Hodges' motion for reconsideration of this Court's Order Granting Defendant's Motion to Dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) (the "Order"). Defendant Todd Gloria, the Mayor of the City of San Diego, opposes. The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). For the reasons stated below, the Court **DENIES** the motion [Doc. 15].

## I. BACKGROUND

As set forth in the Order, this lawsuit arises from Mayor Gloria's exercise of his authority to veto Dennis Hodges' reappointment to the Citizens Advisory Board on

1

Police/Community Relations (the "Advisory Board"). Hodges served on the board since 2017. (*FAC* [Doc. 7] ¶ 3.) In addition, Hodges served on the San Diego County Human Relations Commission (the "Commission") since 2021. (*Id.*)

Mayor Gloria's decision to veto Hodges' reappointment stems from Hodges' public statements related to his abstention from voting on a matter before the Commission. According to the FAC, "[o]n November 9, 2021, during Transgender Awareness Month, the Commission discussed an agenda item to amplify the voices of the San Diego transgender community." (*FAC* ¶ 42.) During the meeting, Hodges exercised his right to abstain from voting on a "motion." (*Id.*[1]) Hodges then made "public comments related to his abstention," which certain Commission members believed were "'discriminatory' and 'hateful' toward the transgender community." (*Id.* ¶¶ 6, 47, 58.[2]) Hodges, a former Chaplain of the San Diego Police Department and associate pastor, contends his abstention was based on his religious beliefs. (*Id.* ¶¶ 5, 40, 43, 53.)

The FAC further alleges that on June 9, 2022, the Commission held a special meeting to remove Hodges "because of his remarks on the LGBTQ community." (*FAC* ¶ 58.) The attempt to remove Hodges failed. (*Id.* ¶ 7.) Then in July 2023, the San Diego Union Tribune wrote an editorial encouraging the removal of Mr. Hodges from the Commission. (*Id.* ¶ 59.)

On August 8, 2023, Defendant San Diego Mayor Todd Gloria vetoed Hodges' reappointment to the Advisory Board. (*FAC* ¶¶ 3, 61.) "In his memorandum vetoing Mr. Hodges' reappointment, Mayor Gloria explained that because Hodges 'has made repeated concerning public comments about LGBTQ people—specifically, the transgender community,' he could not 'support [Mr. Hodge's] reappointment to a Board tasked with

---

[1] The FAC provides no information regarding the substance of "the motion."
[2] The FAC provides no information regarding the substance of Hodges' public statements, except that they "related to his abstention" from "voting on [the] agenda item relating to the transgender community." (*FAC* ¶¶ 6, 5.)

2

23-cv-2065 W (MSB)

promoting a positive relationship between the Police Department and the community it serves.'" (*Id.* ¶ 62, bracket in original.)

On November 8, 2023, Hodges filed this lawsuit. (*Compl.* [Doc. 1].) The FAC asserts three causes of action for (1) Deprivation of the Free Exercise of Religion; (2) Deprivation of the Freedom of Speech; and (3) First Amendment retaliation. Though the FAC asserts three separate causes of action, they are all premised on the theory that Mayor Gloria's veto of Hodges' reappointment to the Advisory Board violated Hodges' First Amendment rights. (*See FAC* ¶¶ 75–79 (1st Cause of Action), 92, 93, 95, 100, 104, 105 (2nd Cause of Action), 112, 116, 117 (3rd Cause of Action).)

On January 11, 2024, Mayor Gloria filed a motion to dismiss each of the three causes of action in the FAC. Hodges opposed the motion. On June 24, 2024, this Court issued the Order dismissing Hodges' FAC without leave to amend. The Order primarily relied on the Ninth Circuit's decision in *Lathus v. City of Huntington Beach*, 56 F.4th 1238 (9th Cir. 2023). As explained in the Order, under *Lathus*, whether Mayor Gloria violated Hodges' First Amendment rights depends on whether the Advisory Board position is one for which "commonality of political purpose" with the mayor is an appropriate requirement. *Id.* at 1241 ("It is settled … that an appointed public official can be removed for engaging in otherwise protected First Amendment activity if 'political affiliation is an appropriate requirement for the effective performance of the public office involved.'") (quoting *Hobler v. Brueher*, 325 F.3d 1145, 1154 (9th Cir. 2003)). In evaluating this issue, "where a statute establishes a position, the statute is likely to provide the best foundation for classifying it for . . . First Amendment purposes." *Id.*

Applying this standard, the Order looked primarily to the statute that established the Advisory Board, San Diego Municipal Code §§ 26.0801, *et seq.*, as well as City Charter § 250 governing the mayor's veto authority. (*See Order* 10:4–7.) Under these provisions, the Order first found the mayor appoints and may veto without cause the reappointment of all Advisory Board members. (*Id.* 10:20–21.) The Order also found that under the municipal code, Advisory Board members speak to the public and other

3

23-cv-2065 W (MSB)

policymakers on behalf of the mayor and the Advisory Board serves as a conduit between the community and mayor's office. (*Id.* 11:21–23, 12:1–2.). Because similar findings led to the Ninth Circuit's determination that there was no First Amendment violation in *Lathus*, the Order concluded that commonality of political purpose with the mayor is an appropriate requirement for service on the Advisory Board. (*Id.*12:11–14.) The Order, therefore, dismissed without leave to amend all causes of action.

## II. DISCUSSION

The motion for reconsideration argues the Order committed clear error in two respects. First, Hodges argues the "Court improperly construed Pastor Hodges' sincerely held religious beliefs as political rhetoric not protected by the First Amendment." (*Recon. Mot.* [Doc. 15-1] 5:3–4.) Second, Hodges argues the "Court committed clear error when it failed to opine on Pastor Hodges" two causes of action for violation of the First Amendment's Free Exercise Clause and Free Speech Clause. (*Id.* 8:9–11.) The Court is not persuaded by either argument.

### A. The Order Did Not Misconstrue the FAC's Allegations.

Hodges argues the Order improperly misconstrued his religious beliefs as political rhetoric. (*Recon. Mot.* 5:3–4.) As a result, Hodges argues the Order erred in relying on cases involving "whether a public officer could be removed from public office for his" political speech—i.e., *Lathus*, 325 F.3d 1145 and *Blair v. Bethel School District*, 608 F.3d 540, 546 (9th Cir. 2010)—as opposed to cases involving religious beliefs. (*Id.* 5:25–6:6.) The Court disagrees for two reasons.

First, Hodges' contention that the Order misconstrued his religious beliefs as political rhetoric lacks merit. His argument assumes that his public comments that led to Mayor Gloria's veto of his reappointment involved only his religious beliefs. The FAC establishes otherwise. The FAC alleges that Mayor Gloria's veto arose from Hodges' public comments regarding his refusal to vote on "the motion" involving the transgender

4

community. (*See FAC* ¶¶ 5, 6, 42, 43, 53, 58, 61, 62.) While Hodges' abstention and related public statements were motivated by his religious beliefs, they were also political conduct and speech because they involved his work on the Commission. Indeed, the FAC recognizes that his statements were also political to the extent it alleges Mayor Gloria "exercised his veto authority in a discriminatory manner" because he had not previously "exercised his veto authority against other commissioners who express differing *political* and social views in support of transgenderism." (*Id.* ¶ 78, emphasis added.) Thus, Hodges' attempt to characterize his statement as involving only his religious beliefs lacks merit.

Second, Hodges' motion for reconsideration is based on a new argument that was not raised in his opposition to the motion to dismiss. Hodges now contends the Order erred in "adopt[ing] the precedent of a string of cases that dealt solely with a plaintiff's political affiliation" and that did not "address dispositive facts related to religious beliefs." (*Recon. Mot.* 8:1–3.) But in opposing the motion to dismiss, Hodges never argued that *Blair* or *Lathus* did not apply because of the *type* of First Amendment speech at issue. Instead, Hodges' opposition argued *Blair* did not control because of factual distinctions with the municipal board positions at issue in each case and how each plaintiff lost the position:

> Unlike *Blair*, Pastor Hodges was not removed from a "titular position" through an electoral process, and he did not retain "the full range of rights and prerogatives" upon his removal from his Advisory Board position. *See* 608 F.3d at 544; FAC, ¶¶ 55-25, 29, 61. Blair was elected to his vice president position while Pastor Hodges 'was not an elected official, but rather an appointed volunteer in public service." *Lathus*, 56 F.4th at 1241 (differentiating plaintiff Lathus from plaintiff Blair). As such, his "volunteer status does not by itself remove First Amendment protection." *Id*.
>
> The *Blair* case *might* be applicable if Pastor Hodges had been removed from his position as a Commissioner and was challenging the conduct of the Commission rather than Defendant's conduct. Indeed, Pastor Hodges' fellow commissioners exercised their electoral process to attempt to remove Pastor Hodges from the Commission, but they failed to remove him

5

when the majority of the Commissioners refused to remove Pastor Hodges. FAC, ¶¶ 46-47, 56-57.

In contrast, Pastor Hodges was a volunteer appointed by the city council to serve on the Advisory Board, but he was denied his reappointment, not by an electoral process, but by a single individual—Defendant. See FAC, ¶¶ 22, 30. By wielding his veto authority against Pastor Hodges, Defendant effectively removed Pastor Hodges from his Advisory Board position, thereby chilling his speech as an Advisory Board member, and revoking the full range of his rights and prerogatives as an Advisory Board member.

(*Opp'n to MTD* [Doc. 9] 7:24–26.) With respect to *Lathus*, Hodges attempted to distinguish the case based on the provisions of the relevant municipal codes, not because the case did not involve religious beliefs. Hodges began by acknowledging that *Lathus* was analogous to the extent the plaintiff—like Hodges—was a volunteer, but Hodges then argued the "similarities end there" because:

Pastor Hodges' FAC shows that he was not the "public face" of Defendant. FAC, ¶¶ 25, 27-29. Indeed, unlike in *Lathus*, in which the person who removed Lathus was also the person who appointed Lathus, the City Council appointed Pastor Hodges and Defendant—not City Council—effectively removed Pastor Hodges from his position. FAC, ¶¶ 22, 61. Further, in Lathus, the city councilperson was permitted to remove an appointment without cause. 56 F.4th at 1244. Here, SDMC provides that an Advisory Board member serves until his successor is duly appointed and qualified. Id., ¶ 30. Additionally, in *Lathus*, the CPAB solicited public feedback and spoke to the public on behalf of the official who appointed them. 56 F.4th at 1242. In contrast, the Advisory Board is responsible for studying, consulting, and advising the Mayor, City Council and City Manager—not the public. See FAC, ¶¶ 23-24. Further, Pastor Hodges neither spoke on behalf of the Mayor nor implemented any policies on behalf of the Mayor. FAC, ¶ 27. The cited municipal code sections in Defendant's Motion do not suggest anything different. Mot. at 18. The purpose of the Advisory Board is to advise the Mayor, City Council, and City Manager, including by making recommendations to those entities on how to assist with informing the community of its rights and responsibilities. FAC, ¶¶ 23-24.

6

23-cv-2065 W (MSB)

(*Id.* 8:27–28, 99:14–10:2.) Thus, Hodges' opposition never argued *Blair* or *Lathus* were distinguishable because the cases involved political affiliation and not religious beliefs.

In fact, Hodges' opposition also argued that this "case is more akin to *Hunt v. Cnty. of Orange*, 672 F.3d 606 (9th Cir. 2012)." (*Opp'n to MTD* 10:3–4.) What is notable about *Hunt* is that like *Blair* and *Lathus*, it also involved an alleged First Amendment violation related to plaintiff's political beliefs, and not religious beliefs. Hodges' reliance on *Hunt* confirms he was not attempting to distinguish *Blair* and *Lathus* based on the type of First Amendment activity at issue. Because Hodges' motion for reconsideration is based on a new legal theory not raised in opposing the motion to dismiss, he has failed to demonstrate legal error. *See Motorola, Inc. v. J.B. Rodgers Mechanical Contractors*, 215 F.R.D. 581, 582 (D.Ariz. 2003) (citations omitted) ("Motions for reconsideration are disfavored ... and are not the place for parties to make new arguments not raised in their original briefs. Nor is reconsideration to be used to ask the Court to rethink what it has already thought.")

For these reasons, the Order did not misconstrue the allegations in the FAC or erroneously rely on *Lathus* in findings that "commonality of political purpose" with the mayor is an appropriate requirement to serve on the Advisory Board.

**B.     The Order Did Not Err in Dismissing all of Hodges' claims.**

Hodges argues the "Court committed clear error when it failed to opine on Pastor Hodges" causes of action for violation of the First Amendment's Free Exercise Clause and Free Speech Clause. (*Recon. Mot.* 8:9–11.) In support of this argument, Hodges contends Mayor Gloria only challenged the third cause of action for First Amendment retaliation. (*Id.* 8:16–19.[3]) Hodges also argues, for the first time, that the Free Exercise

---

[3] Hodges' opposition to the motion to dismiss also asserted that "Defendant does not attempt to challenge the sufficiency of Pastor Hodges' constitutional claims" (even though the FAC only alleges constitutional claims). (*Opp'n to MTD* 6:8–9.) As explained below, Hodges' assertion is false.

7

and Free Speech causes of action should not have been dismissed because the elements differ from his retaliation cause of action. Hodges' arguments are unavailing.

First, Hodges' contention that Mayor Gloria's motion to dismiss only challenged the retaliation cause of action is false. Because all three causes of action are based on the same alleged wrongful conduct (*see FAC* ¶¶ 75–79, 92, 93, 95, 100, 104, 105, 112, 116, 117), Mayor Gloria's notice of motion stated that each cause of action should be dismissed because "Defendant's veto of Plaintiff's reappointment to the [Advisory Board] did not violate Plaintiff's First Amendment rights." (*MTD Notice* [Doc. 8] ¶¶ 2, 3, 4.) Mayor Gloria's memorandum of points and authorities then repeated the same argument:

> the crux of all three of Hodges' causes of action is that the loss of his position on the Advisory Board was allegedly in response to or in retaliation for Hodges' "protected speech." However,… the speech was not protected….

(*MTD P&A* [Doc. 8-1] 9:17–21.) In the next section titled, "HODGES CANNOT STATE A CLAIM FOR RELIEF BASED ON THE VETO OF HIS RE-APPOINTMENT TO THE POLITICAL 'ADVISORY BOARD' BY THE PERSON WHO APPOINTED HIM," the motion argued that *Lathus* foreclosed a First Amendment claim. (*Id.* 9:22–16:17.) The motion then concluded that because "Mayor Gloria could… veto Hodges' reappointment 'for lack of political compatibility,' … Mayor Gloria respectfully requests that the FAC be dismissed in its entirety without leave to amend." (*Id.* 22:17–21.) Thus, Hodges' contention in the motion for reconsideration that Mayor Gloria only moved to dismiss the third cause of action is false.

Second, Hodges' contention that the Order did not "opine" on all of his causes of action lacks merit. In opposing Mayor Gloria's motion to dismiss, Hodges (1) did not dispute that all of his causes of action were based on the same alleged wrongful conduct and (2) did not address how the first or second causes of action could survive if Mayor Gloria's veto did not violate the First Amendment. Instead, the opposition argued *Lathus* and *Blair* were factually distinguishable, and concluded that "because Pastor Hodges'

8

FAC presents sufficient facts to demonstrate that he is a public servant volunteer protected by the First Amendment, *his claims* should be allowed to move forward." (*Id.* 10:17–19, emphasis added.) In light of the parties' arguments, the Order's analysis began by recognizing that "[a]lthough the FAC asserts three separate causes of action, each is premised on the theory that Mayor Gloria retaliated against Hodges based on the exercise of his First Amendment rights." (*Order* 6:2–4.) Because (1) the Court found that under *Lathus* Mayor Gloria's veto did not violate the First Amendment, and (2) Hodges did not dispute that all of "his claims" were premised on the same alleged wrongful conduct, the Order dismissed all three causes of action without leave to amend. (*Order* 13:2–3.)

In the motion for reconsideration, Hodges now contends the Court committed clear error by dismissing the first and second causes of action because "[t]he elements of a free exercise, free speech, and First Amendment retaliation claim are different and should be treated separately." (*Recon. Mot.* 9:16–18.) Hodges then discusses the differences with the three causes of action. (*Id.* 9:18–10:14.) But this argument was never raised in Hodges' opposition to the motion to dismiss. Because a motion for reconsideration is "not the place for parties to make new arguments not raised in the original briefs," Hodges' argument is unavailing. *Motorola, Inc.*, 215 F.R.D. at 582 (citations omitted).

## V.  SUMMARY & CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's motion to dismiss the FAC [Doc. 8] without leave to amend.

**IT IS SO ORDERED**.

Dated:  October 22, 2024

_____
Hon. Thomas J. Whelan
United States District Judge

9

23-cv-2065 W (MSB)



# United States District Court
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dennis Hodges, an individual | Civil Action No.   23CV2065-W-MSB |
| **Plaintiff,** | |
| V. | |
| Todd Gloria both in his personal capacity and in his official capacity as the Mayor of the City of San Diego | **JUDGMENT IN A CIVIL CASE** |
| **Defendant.** | |

**Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED:

Defendant's motion to dismiss the First Amended Complaint is granted. The First Amended Complaint is dismissed without leave to amend.

Date:   6/24/24

**CLERK OF COURT**
**JOHN MORRILL, Clerk of Court**
By:  s/ J. Petersen

J. Petersen, Deputy